UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ and ALLISON MARTINEZ,<br><br>                            Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY and KEARNY PEARSON FORD & KIA,<br><br>                           Defendants. | Case No.: 19cv1029 JM (BLM)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND THE ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO** |

Plaintiffs Ricardo Martinez and Allison Martinez ("Plaintiffs") move to remand this action to the Superior Court of California for the County of San Diego. (Doc. No. 12.) Defendants Ford Motor Company ("Ford") and Kearny Pearson Ford & Kia ("Sunroad Auto")[1] oppose the motion. (Doc. No. 17.) The motion has been briefed and the court finds it suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons stated below, the motion is **GRANTED**.

**I.    BACKGROUND**

In their Complaint, Plaintiffs state the following facts. On or about January 2, 2013, Plaintiffs purchased a 2013 Ford Escape ("the vehicle") from Sunroad Auto. (Doc. No. 1-1 at 4.) Plaintiffs received written warranties on the vehicle. (*Id*. at 5.) On or about January

---

[1] As explained by Ford, Kearny Pearson Ford & Kia is Sunroad Auto LLC doing business as Kearny Pearson Ford. (Doc. No. 17 at 10.)

13, 2016, with 47,268 miles on the odometer, Plaintiffs presented the vehicle to Defendants' repair facility for various issues. (*Id.* at 7.) From about February 26, 2016 to January 27, 2018, Plaintiffs repeatedly took the vehicle in for repairs, which eventually led an engine replacement. (*Id.*) Problems with the vehicle persisted and in March of 2019, Plaintiffs requested a buyback and/or restitution from Ford, but Ford declined. (*Id.* at 8.)

On April 29, 2019, Plaintiffs filed their Complaint in state court for violations of the Song-Beverly Consumer Warranty Act (i.e., California's Lemon Law), breach of the express written warranties, breach of the implied warranty of merchantability, and fraud by omission. (Doc. No. 1-1 at 8-15.) The only count brought against Sunroad Auto was for breach of the implied warranty of merchantability. (*Id.* at 12.) Ford was served with a copy of the Complaint on May 1, 2019, and Sunroad Auto was served on May 2, 2019. (Doc. No. 1 at 2.) On May 31, 2019, Defendants filed a Notice of Removal based on diversity jurisdiction. (*Id.* at 1.) On July 2, 2019, Plaintiffs filed the instant Motion to Remand. (Doc. No. 12.) Defendants filed a Response in Opposition on September 5, 2019. (Doc. No. 17.) Plaintiffs did not file a reply.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). An action in state court can generally be removed to federal court when the case could have originally been brought in federal court. 28 U.S.C. § 1441; *see Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 563 (2005). The defendant bears the burden of proving removal jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). Any doubt regarding removal jurisdiction is construed against the defendant and in favor of remanding the case to state court. *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

2

19cv1029 JM (BLM)

Civil cases not arising under federal law are removable to federal court only if each plaintiff's citizenship is different from each defendant's citizenship, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A defendant may remove a civil action that alleges claims against a non-diverse defendant where the plaintiff has no basis for suing that defendant. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Where a non-diverse defendant has been "fraudulently joined" to an otherwise completely diverse case, that non-diverse defendant's citizenship is disregarded for diversity jurisdiction purposes. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). There is a general presumption, however, against fraudulent joinder. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). A defendant is fraudulently joined when a "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe*, 811 F.2d at 1339); *see also Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) ("[A] non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned."). The removing defendant bears the "heavy burden" of proving fraudulent joinder. *See GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Hunter*, 582 F.3d at 1046); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.").

### III. DISCUSSION

The parties dispute whether removal based on diversity jurisdiction was proper. Defendants contend removal is proper based on the court's diversity jurisdiction even though Plaintiffs and Sunroad Auto are all California citizens. (Doc. No. 1 at 1.) Defendants argue that Sunroad Auto's citizenship can be disregarded because the sole cause of action against Sunroad Auto, i.e. breach of the implied warranty of

merchantability, is barred by the applicable four-year statute of limitations.[2] (*Id*. at 6-7.) Plaintiffs argue that the claim against Sunroad Auto is not time-barred because the statute of limitations was tolled under the delayed discovery rule, repair doctrine, and Ford's fraudulent concealment of defects. (Doc. 12-1 at 13.) For the reasons stated below, removal was improper.

### A. Delayed Discovery Rule

Plaintiffs argue that the statute of limitations did not begin to run until they could have reasonably discovered the breach, which occurred in March of 2019, after Defendants failed to fix the vehicle a reasonable number of times. (Doc. No. 12-1 at 14-18.) In support of their contention, Plaintiffs cite *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205 (Ct. App. 1991) and *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297 (2009). In opposition, Defendants contend the statute of limitations began to run on the date of delivery of the vehicle, regardless of the Plaintiffs' knowledge of the breach. (Doc. No. 17 at 14.) In support of their contention, Defendants cite *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116 (2008) and argue that Plaintiffs' reliance on *Krieger* and *Mexia* is misplaced. (Doc. No. 17 at 14-17.) Defendants also argue that Plaintiffs were on notice of the defects more than four years prior to filing suit because of the numerous concerns raised by Plaintiffs beginning in December of 2012.[3] (*Id*. at 17-18.)

Courts have reached different conclusions on the applicability of the delayed discovery rule in cases involving both express and implied warranties. *See Cavale v. Ford*

---

[2] Plaintiffs do not dispute that the statute of limitations can be a basis for finding that Sunroad Auto has been fraudulently joined. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998). The parties also do not dispute that the statute of limitations is four years from the date the claim accrued. (Doc. No. 17 at 14.)

[3] Plaintiffs allege they purchased the vehicle on January 2, 2013. (Doc. No. 1-1 at 4.) Defendants claim that Plaintiffs purchased the vehicle on November 18, 2013. (Doc No. 12-1 at 15.) The difference in the parties' allegations regarding the purchase date appears to be immaterial because it does not change the outcome of either party's argument concerning whether the April 29, 2019 Complaint was within the statute of limitations.

4

*Motor Co.*, Case No. 18cv680 (LJO) BAM, 2018 WL 3811727, at *3 n.5 (E.D. Cal. Aug. 9, 2018) (listing cases). Furthermore, as Plaintiffs point out, district courts have repeatedly rejected the same or similar arguments made by Ford in support of removal. *See, e.g.*, *Phillips v. Ford Motor Co.*, Case No. 19cv1423 EJD, 2019 WL 5188259, at *3 (N.D. Cal. Oct. 15, 2019) (listing cases); *Klawiter v. Ford Motor Co.*, Case No. 19cv1889 WHO, 2019 WL 2484321, at *2 (N.D. Cal. June 14, 2019) ("Ford makes the same arguments that several courts have rejected in prior cases."). Therefore, it is not obvious that there is absolutely no possibility that the delayed discovery rule, or any other of Plaintiffs' tolling theories, do not apply to Plaintiffs' claim or that Plaintiffs could not amend their Complaint to state a viable tolling theory. *See, e.g., Less v. Ford Motor Co.*, Case No. 18cv1992 MMA (AGS), 2018 WL 4444509, at *3 (S.D. Cal. Sept. 18, 2018) (noting that the court must find there is "absolutely no possibility" that any tolling doctrine applies and it must be "obvious" that plaintiff cannot state a claim against the dealership or amend the complaint to allege a viable tolling theory). Both parties make persuasive arguments supported by different authority. At best, the grounds for removal are ambiguous, which is itself grounds for remand. *See Gaus*, 980 F.2d at 566-67 ("All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand."). Additionally, the question of law raised by the parties is one best resolved by means other than an order on a motion to remand. *See Jimenez v. Ford Motor Co.*, Case No. CV 18cv3558 JFW (ASX), 2018 WL 2734848, at *2 (C.D. Cal. June 5, 2018) ("Ford's arguments that Plaintiff's claim is barred by the statute of limitations is better raised in a demurrer, motion to dismiss, or motion for summary judgment rather than a notice of removal."); *Cavale*, 2018 WL 3811727, at *3.

**B.  Repair Doctrine**

Plaintiffs argue that the statute of limitations was tolled because Defendants unsuccessfully attempted to repair the vehicle. (Doc. No 12 at 19.) In support of this argument, Plaintiffs cite *Aced v. Hobbs-Sesack Plumbing Co.*, 360 P.2d 897 (1961) and *A & B Painting & Drywall, Inc. v. Superior Court*, 30 Cal. Rptr. 2d 418 (1994). In

5

opposition, Defendants argue that these cases are outdated or inapplicable and that the statute of limitations is not tolled on an implied warranty claim. (Doc. No. 17 at 20.)

Defendants may be correct that the unsuccessful attempt to repair the vehicle did not toll the statute of limitations. It stands to reason, however, that some form of equitable tolling might apply where a consumer reasonably relies on statements by an automobile dealership that a vehicle will be repaired. *See Audo v. Ford Motor Co.*, Case No. 18cv320 L (KSC), 2018 WL 3323244, at *2 (S.D. Cal. July 6, 2018) (finding it plausible that plaintiffs could not have reasonably discovered the breach while they were still in the process of trying to get the vehicle repaired). As stated by another district court, while "[t]his rule may not ultimately be applicable here, it is not obvious on the face of the complaint that tolling would not apply and that such tolling would not bring the case within the limitations period." *Cardenas v. Ford Motor Co.*, Case No. 18cv1090 DSF (PLAx), 2018 WL 2041616, at *1 (C.D. Cal. Apr. 23, 2018).

### C. Fraudulent Concealment

Plaintiffs argue that the limitations period was tolled by Ford's fraudulent concealment of the vehicle's defects because Plaintiffs sufficiently alleged in their Complaint that Ford failed to disclose and actively concealed the defects. (Doc. No. 12-1 at 19-20 (citing Doc. No. 1-1 at ¶¶ 12-28, 52-67).) Defendants argue that the doctrine of fraudulent concealment does not apply because Plaintiffs admit they were aware of the defects by pleading that "[a]t the time of purchase, or within one-year thereafter, the Vehicle contained or developed the defects." (Doc. No. 17 at 19-20 (citing Doc. No. 1-1 at ¶ 50).)

The fact that Plaintiffs allege the defects existed at or soon after the time of purchase does not constitute an admission that Plaintiffs were aware of the defects or that Sunroad Auto did not fraudulently conceal material facts. To the contrary, Plaintiffs plead that they were unaware of the defects when they purchased the vehicle and they remained unaware until shortly before the action was filed. (Doc. No. 1-1 at 8, ¶ 27); *Cavale*, 2018 WL 3811727, at *3 (finding the same allegation in the complaint to be sufficient grounds to

6

remand); *Chipley v. Ford Motor Co.*, No. 18cv1161 YGR, 2018 WL 1965029, at *3 (N.D. Cal. Apr. 26, 2018).

The Complaint can also be fairly read to allege that Defendants fraudulently represented that the vehicle had been repaired or was in proper working condition when sold. (*See, e.g.,* Doc. No. 1-1 at 7, ¶ 23 ("Plaintiff continued to experience coolant loss and other symptoms of the Engine Defect, despite Defendant's representations that the Vehicle had been repaired.").) Moreover, the fact that Plaintiffs were aware of defects, if true, does not make it impossible for Plaintiffs to amend their Complaint in a manner that truthfully supports the applicability of the doctrine of fraudulent concealment. *See Cavale*, 2018 WL 3811727, at *3 ("Even if the allegations concerning fraudulent concealment are not sufficiently pled, Ford has not shown that Plaintiff would not be able to amend the complaint to allege a viable tolling theory applies to Plaintiff's claim.").

### D. Plaintiffs' and Defendants' Other Arguments

Plaintiffs also argue that Defendants failed to show that the amount in controversy exceeds $75,000 or that Plaintiffs are citizens of California. (Doc. No. 12-1 at 22-26.) This court has previously rejected similar arguments. *See Roehm v. Ford Motor Co.*, No. 18CV1278 JM (JMA), 2018 WL 4520542, at *2 (S.D. Cal. Sept. 21, 2018) ("While residence is not necessarily the same as domicile, the 'place where a person lives is taken to be his [or her] domicile until facts adduced establish the contrary.'") (citation omitted). Furthermore, based on the above, it is not necessary to reach those issues to resolve the instant motion. *See, e.g., Cavale*, 2018 WL 3811727, at *4 (declining to reach similar issues); *Chipley*, 2018 WL 1965029, at *3 n.2 (same).

Defendants also argue that the court should exercise its discretion to drop Sunroad Auto as a party under Federal Rule of Civil Procedure 21 because (1) it is not an indispensable party under Rule 19 and (2) Sunroad Auto has a statutory right to indemnity from Ford. (Doc. No. 17 at 21-22.) As pointed out by Plaintiffs, courts have repeatedly found that dealerships are indispensable parties in similar suits against automobile manufacturers. *See, e.g., Less*, 2018 WL 4444509, at *2 ("Numerous courts have found

7

19cv1029 JM (BLM)

implied warranty claims against dealerships to be valid, and the dealerships to be necessary parties, in connection with claims under the Song-Beverly Act."). Courts have also previously rejected the same Rule 21 argument made by Ford. *See*, *e.g.*, *Phillips*, 2019 WL 5188259, at *3. Additionally, multiple courts have found that a right to indemnity does not invalidate an implied warranty claim. *See*, *e.g.*, *Sandhu v. Volvo Cars of N. Am., LLC*, Case No. 16cv4987 BLF, 2017 WL 403495, at *4 (N.D. Cal. Jan. 31, 2017) ("Volvo does not cite any authority that joinder of an indemnitee is unnecessary, or somehow renders an otherwise valid claim invalid, simply because its indemnitor is already a party."). Accordingly, the court declines to drop Sunroad Auto as a party.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **GRANTED**. The case is hereby **REMANDED** to the Superior Court of California for the County of San Diego. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

DATED: November 19, 2019

JEFFREY T. MILLER
United States District Judge